IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PIPOLA, | : | CIVIL NO. 3:CV-12-1400 |
| | : | |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| | : | |
| MONICA RECKTENWALD, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1) filed by petitioner Anthony Pipola ("Pipola"), a federal inmate incarcerated at the Federal Correctional Institution at Allenwood, White Deer, Pennsylvania. (Doc. 1.) Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

I. Background

On March 29, 1994, Pipola was convicted of conspiracy to obstruct commerce by robbery under 18 U.S.C. § 1915(a), two counts of aiding and abetting the obstruction of commerce by robbery in violation of 18 U.S.C. §§ 1915(a) and 2(a), and two counts of aiding and abetting the use of a firearm during a crime of violence, under 18 U.S.C. §§ 924(c)(1)( and 2(a). Pipola v. United States, No. 09-CV-1804 (SJ), 2010 WL 1713239, at * 1 (E.D. N.Y. Apr. 28, 2010). He pursued proceedings as follows:

---

[1]These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b)

On appeal, Pipola argued, *inter alia*, that the jury instruction with respect to the aiding and abetting the use of a firearm was plain error and that there was insufficient evidence to support those convictions. United States v. Pipola, 83 F.3d 556 (2d Cir. 1996). Both arguments were rejected by the Circuit Court. Id. at 561-5. Specifically, the court found that "[r]ead as a whole, the instructions effectively explained that the defendant must have directly facilitated the commission of the firearms offense. Therefore, there is no reasonable likelihood that the conviction was based on an erroneous view of the law." Id. at 563-4. Additionally, the court found the evidence (consisting of co-conspirator testimony) sufficient to support both firearms convictions. Id. at 564. The Supreme Court denied Pipola's petition for a writ of certiorari. Pipola v. United States, 519 U.S. 869 (1996).

On August 16, 1997, Petitioner filed a motion to vacate his conviction and sentence pursuant to 28 U.S.C. § 2255 (the "2255 Petition"). That Petition argued (1) ineffective assistance of counsel; (2) insufficiency of the evidence supporting the Hobbs Act convictions for want an of interstate commerce nexus; and (3) the jury instruction's failure to require proof that Petitioner performed some act that directly encouraged or facilitated the carrying of a firearm. The second and third claim were essentially identical to those made on direct appeal, although Petitioner argued that the decision in Bailey v. United States, 516 U.S. 137 (1995), a case decided after his trial, warranted reversal of the firearms charges.

The Court rejected Petitioner's argument that Bailey changed the law with respect to aiding and abetting liability under 18 U.S.C. § 924(c) and denied the 2255 Petition. See Pipola v. United States, 1999 WL 993718, at *3 (E.D.N.Y. Oct. 19, 1999) (citing United States v. Malpeso, 115 F.3d 155 (2d Cir. 1997).) Petitioner filed two subsequent motions for reconsideration, which were both denied. Pipola v. United States, 2005 WL 1457722 (E.D.N.Y. Jun. 17, 2005). Petitioner also applied for a certificate of appealability which was denied by both this Court and the Circuit Court. (Docket No. 67.)

Pipola v. United States, No. 09-CV-1804 (SJ), 2010 WL 1713239, at * 1 (E.D. N.Y. Apr. 28, 2010).

On April 30, 2009, he filed a writ of *audita querala* under the All Writs Act, 28 U.S.C. § 1651, which was denied. Id. at *2. He appealed. In affirming the district court, the Second Circuit stated that "the writ of *audita querela* is not an available remedy, because, as

a federal prisoner challenging the legality of his conviction, the relief Pipola seeks is covered by statute: 28 U.S.C. § 2255(a). See also Cephas v. Nash, 328 F.3d 98, 103." 430 F. App'x 31, 32 (2nd Cir. 2011). The Second Circuit further stated "[a]ccordingly, Pipola must present his claims in an application for leave to file a successive Section 2255 motion. Even if we construe Pipola's notice of appeal and appellate brief as such an application, we cannot consider it unless the application 'is based on newly discovered evidence or a new rule of constitutional law made retroactive by the Supreme Court.' United States v. Fabian, 555 F.3d 66, 68 (2d Cir. 2009); 28 U.S.C. § 2255(h). Because Pipola has not made such a showing in this appeal, we may not grant Pipola leave to file a successive Section 2255 motion." Id. at 32-33.

He filed another motion to vacate his conviction and sentence pursuant to Section 2255 on February 15, 2012. On March 27, 2012, the motion was transferred to the United States Court of Appeals for the Second Circuit pursuant to 28 U.S.C. § 1631. On July 27, 2012, the application for an order authorizing the district court to consider a successive § 2255 motion was denied. See Eastern District of New York (Brooklyn) electronic docket entry 3, Pipola v. United States, 1:12-cv-0798-SJ.

The instant petition was filed on July 20, 2012. (Doc. 1.) Therein, Pipola contends that a petition pursuant to 28 U.S.C. § 2241, is appropriate because he "does not have and, because of the circumstances that he was convicted for a violation of 924(c)(1) before the Bailey decision, never had an opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1)." (Doc. 1, at 14.)

## II. **Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255 (h); 28 U.S.C. 2244(3)(A).

Such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. Importantly, §2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief. See id. at 251. Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court. Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251. Pipola's contention that he has not had the opportunity to challenge his conviction as inconsistent with the Supreme Court's interpretation of § 924(c)(1) in Bailey is not supported by the record. As stated in the background section *supra*, the Bailey claim was raised, and considered, and rejected, in Pipola's Section 2255 motion. He has therefore failed to

demonstrate that § 2255 is inadequate or ineffective to test the legality of his conviction and sentence.

Further, the remedy afforded under § 2241 is not an additional, alternative, or supplemental remedy to that prescribed under § 2255. If a petitioner improperly challenges a federal conviction or sentence under section 2241, the petition must be dismissed for lack of jurisdiction. Application of Galante, 437 F.2d 1154, 1165 (3d Cir. 1971). Consequently, the court will dismiss this § 2241 petition for lack of jurisdiction.

An appropriate order will issue.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court

Dated:    August 2Y, 2012

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANTHONY PIPOLA, | : | CIVIL NO. 3:CV-12-1400 |
| Petitioner | : | |
| | : | (Judge Munley) |
| v. | : | |
| MONICA RECKTENWALD, | : | |
| Respondent | : | |

## ORDER

**AND NOW**, to wit, this 18th August 2012, upon consideration of the petition for writ of habeas corpus (Doc. 1), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 1) is DISMISSED for lack of jurisdiction.

2. The Clerk of Court is directed to CLOSE this case.

BY THE COURT:

s/James M. Munley
JUDGE JAMES M. MUNLEY
United States District Court